CAMERON INTERNATIONAL TRADING COMPANY, INC. and Learning Extreme Optimist Industries Limited, Plaintiffs–Appellees,

v.

HAWK IMPORTERS, INC., Shyam Baheti, and Ram Baheti, Defendants–Appellants.

No. 2011–1116.

United States Court of Appeals, Federal Circuit.

Aug. 9, 2011.

Before RADER, Chief Judge, LOURIE and O'MALLEY, Circuit Judges.

## *ORDER*

PER CURIAM.

Hawk Importers, Inc., Shyam Baheti, and Ram Baheti (collectively "Hawk") appeal a November 2, 2010, 2010 WL 4568980, order of the United States District Court for the Eastern District of New York denying Hawk's motion to dismiss and granting enforcement of a Stipulation of Settlement and Order previously ordered by that court on November 15, 2004. Hawk brought an action against Cameron International Trading Company, Inc. and Learning Extreme Optimist Industries Limited (collectively "Cameron") for copyright infringement, trade dress infringement, false designation of origin, unfair competition, and false and deceptive business practices in violation of the law of the United States and New York.

Hawk contends that this appeal is within this court's jurisdiction because the appeal is from a final decision of a district court that is based on 28 U.S.C. § 1338. · This court does not have jurisdiction over appeals when a district court's jurisdiction arose under Section 1338 if the claims are only related to copyrights and trademarks. *See* 28 U.S.C. § 1295(a)(1). Further, while design patents were mentioned in the Declarations filed with Cameron's Application to Reopen Case to Enforce Stipulation of Settlement and Order, patent claims were not pleaded in the complaint or addressed by the Stipulation of Settlement and Order and cannot be used as grounds for jurisdiction in this appeal. Thus, this court lacks jurisdiction and must transfer this appeal.

Accordingly,

IT IS ORDERED THAT:

The appeal is transferred to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.